### W. P. LANCASTER *v.* THE STATE.

1. EVIDENCE. — Descriptive averments, though unnecessarily particular, must, in order to warrant a conviction, be proved as alleged.
2. SAME. — Proof of the theft of checks for money will not support an indictment for theft of money.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. HOOD.

The opinion fully states the case. A term of two years in the penitentiary was the punishment assessed against the appellant.

*Furman & Furman,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J. The appellant was indicted, tried, and convicted on an indictment which charges that, on a certain day mentioned, he "did unlawfully and fraudulently take, steal, and carry away, from and out of the possession of William Hunter, without his consent, one hundred and forty-two dollars, current money of the United States, each dollar of said money being of the value of one dollar; which money the grand jurors cannot more fully describe."

The testimony adduced on the part of the State, and admitted apparently without objection on the part of the defendant, may be summarized as follows: The defendant, about October 13, 1877, came to the witness Hunter and

stated that he had two car-loads of cattle on the road to Fort Worth, and desired some advances on them, and if the witness would advance on the cattle he (the defendant) would let him (the witness) ship them. The witness being at that time engaged in the business of buying and shipping cattle, and with the understanding that the witness was to have the cattle to ship, he agreed to advance the defendant upon the cattle. On October 13, 1877, the witness let the defendant have one check on the City National Bank of Fort Worth for $45.45; at another time on the same day the witness let the defendant have another check on the same bank for $33, and at another time on the same day let him have still another check for $22. On October 16, 1877, the witness let the defendant have at one time $3 in cash, and at another time the same day let him have a check on the bank above stated for $30.75, and at another time on the same day let him have another check on the same bank for $8. All these checks were issued by the witness on the faith of the defendant's promise that he (the witness) should ship the cattle, out of which the witness expected to make his money, and on his representations that the cattle were near by. These checks were orders on the bank to pay the defendant the money on them, to be settled between the bank and the witness. Witness says he paid the bank money for the checks; that they were worth in cash the amounts for which they were drawn, and that the defendant was around the office of the witness in Fort Worth from the time he first became acquainted with him (they had been introduced on October 13, 1877) until the day on which he got the last check; and he told witness that day that he had been out to look at the cattle, and had seen them, and that they would be in that evening; and soon afterward he disappeared and could not be found, nor did the witness ever receive from the defendant any message or letter explaining his conduct. This was the only witness who testified for the State, and the above is substantially the testimony in

the case as to the representations made by the defendant to the prosecuting witness, and what the defendant received from the witness on these representations.

The theory of the defence in the court below seems to have been that the proof on the part of the State of the defendant's obtaining the bank checks mentioned by the State's witness, obtained in the manner and under the circumstances, would not support the allegation in the indictment of theft of money, described in the indictment as current money of the United States, and that the variance between the allegations and the proof was fatal to the prosecution. That the descriptive averments in an indictment must be proved as laid, in order to warrant a conviction, is now too well settled to admit of controversy ; and this is so, notwithstanding the pleader has been unnecessarily particular.

Charges were asked by the defendant's counsel presenting his view of the effect of the testimony, but the court refused to give them to the jury, stating in effect that the substance of the special instructions was embraced in the main charge. It is true that the court charged the jury on the subject of property acquired from the owner by his consent, the taker intending at the time to appropriate it ; but we fail to find that the general charge presented to the jury the view of the case embraced in the refused instructions. We are of opinion that an appropriate charge on that view of the case was a necessary part of the law of the case, and that in refusing to give some appropriate charge the court erred to the prejudice of the defendant. We are of opinion that proof of having obtained checks or orders on a bank for money will not support an allegation charging theft of lawful money of the United States. There was proof of the receipt of $3 in money, it is true, but this proof alone would not support a conviction for felony.

For error in the charge, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*